Robert J. Nelson (Cal. Bar No. 132797)
*rnelson@lchb.com*
Courtney J. Liss (Cal. Bar No. 339493)
*cliss@lchb.com*
Annie M. Wanless (Cal. Bar No. 339635)
*awanless@lchb.com*
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000

*Attorneys for Plaintiffs*
*Additional counsel on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM HUDLOW; ESTATE OF DAVID HUDLOW; JAIME BASKIN; BRIAN WITHEY; STACEY BOWEN; ESTATE OF JOHN BOWEN; VANESSA CHUPP; ESTATE OF KYLE CHUPP; CARLA VASS-SALGADO; RICARDO SALGADO; RON PERI; and ESTATE OF INGRID PERI,<br><br>Plaintiffs,<br><br>v.<br><br>EXTHERA MEDICAL CORPORATION,<br><br>Defendant. | Case No. 3:25-cv-02492-MMC<br><br>**JOINT RULE 26(f) REPORT AND INITIAL CASE MANAGEMENT STATEMENT**<br><br>Date:  August 14, 2026<br>Time:  10:30 AM<br>Courtroom:  VIDEOCONFERENCE ONLY<br>Judge:  Hon. Maxine M. Chesney<br><br>**(REMOTE)**<br><br>Trial Date:  None set |

Pursuant to the Court's April 9, 2026 Order (Dkt. No. 126), Plaintiffs Kim Hudlow, Estate of David Hudlow, Jaime Baskin, Brian Withey, Stacey Bowen, Estate of John Bowen, Vanessa Chupp, Estate of Kyle Chupp, Carla Vass-Salgado, Ricardo Salgado, Ron Peri, and Estate of Ingrid Peri (collectively, "Plaintiffs") and Defendant ExThera Medical Corporation ("Defendant" or "ExThera") hereby submit this Rule 26(f) Report and Initial Case Management Statement.

## I.    Rule 26(f) Conference

As described below, Counsel for Plaintiffs and counsel for Defendant have met and conferred as required by Rule 26(f) and the Case Management Conference Order (Dkt. No. 25).

Counsel for Plaintiffs and counsel for all defendants then in the case, including Defendant ExThera, met for a Rule 26(f) conference on September 12, 2025. Three days later, the Court continued the Case Management Conference to December 12, 2025 and the deadline for the Joint Case Management Statement to December 5, 2025.

Counsel for all parties, including Defendant ExThera, met and conferred again on November 20, 2025, so as to prepare a Rule 26(f) Report addressing all required topics.  The names of each participant and party he/she represented were as follows:

Robert J. Nelson
Courtney J. Liss
Annie M. Wanless
Lieff Cabraser Heimann & Bernstein LLP
*Attorneys for Plaintiffs*

Catherine Owens
Greg Herrman
Larson LLP
*Attorneys for Defendant ExThera Medical Corporation*

Jeffrey D. Hoschander
Erin E. Sisson
Allen Overy Shearman Sterling US LLP
*Attorneys for then-Defendants Quadrant Clinical Care LLC, Quadrant Management LLC, and Alan Quasha*

Gabriel Berg
Lauren Coppola
Eric M. Lindenfeld
Haynes and Boone, LLP

- 2 -

*Attorneys for then-Defendant John Preston*

Lauren Schorr Potter
Patterson Belknap Webb & Tyler LLP
*Attorney for then-Defendant Devon Quasha*

On December 3, 2025, the Court continued the Case Management Conference to April 17, 2026, with the Joint Case Management Conference Statement to be filed by April 10, 2026.  On April 9, 2026, this Court continued the Case Management Conference to August 14, 2026, at 10:30 AM (Dkt. 126).

On May 28, 2026, the Court granted in part and denied in part Defendants' motions to dismiss (Dkt. 127). Claims against then-Defendants Quadrant Management, Quadrant Clinical Care, Alan Quasha, Devon Quasha, and John Preston were dismissed with leave to amend for lack of personal jurisdiction (*Id.*). Certain portions of certain claims against Defendant ExThera survived (*Id.* at 37, ¶ 3), and other claims were dismissed with leave to amend (*Id.* at 37, ¶ 2, 3, 4). On June 30, 2026, Plaintiffs filed a Second Amended Complaint against Defendant ExThera (Dkt. 140), which Defendant moved to partially dismiss (Dkt. No. 142).

## II.    Jurisdiction and Service

Plaintiffs assert federal jurisdiction and jurisdiction in this Court over Defendant ExThera under 28 U.S.C. § 1332. This Court has personal jurisdiction over Defendant ExThera as the corporation is headquartered in Martinez, California, within this district. The Parties do not dispute the adequacy of service in this matter.

## III.    Facts

### A.    Plaintiffs' Statement

Beginning in late fall of 2023, Defendant ExThera defrauded Plaintiffs and others into undergoing its understudied, unproven, and dangerous blood filtration procedure, marketed as ONCObind, in Antigua, a Caribbean island. Defendant ExThera, its officers, and its agents told Plaintiffs that the procedure had extraordinary effects on metastatic cancer patients, such as clearing cancer cells from the blood, allowing the immune system to reset itself, reducing pain, and shrinking primary tumors. Defendant ExThera and its officers and agents also told the

Plaintiffs that there were no downsides to the procedure.-These representations were decidedly false. Defendant's then-Chief Regulatory Officer also told Plaintiffs that they should halt all forms of chemotherapy and radiation before and after the filter procedure, further risking the health of the Plaintiff cancer patients. After Plaintiffs paid $45,000 and arrived in Antigua, Plaintiffs suffered greatly due to both the dangerous procedure and the negligent, harmful treatment the Plaintiffs received at the substandard clinic. As a result, three Plaintiffs died, three Plaintiffs experienced rapid progression of their cancers (including one who recently died), and all six Plaintiff spouses experienced significant trauma.

### B.      Defendant's Statement

Defendant denies Plaintiffs' allegations and deny that it has engaged in any misconduct. Defendant also denies any and all liability to Plaintiffs. Moreover, as described in Defendant's Motion to Partially Dismiss the Second Amended Complaint, with respect to several of the claims in the Second Amended Complaint, Plaintiffs still have failed to allege a claim upon which relief can be granted. *See* Dkt. No. 142.

### IV.     Legal Issues: Statement of Claims and Defenses

#### A.      Plaintiffs' Statement

Plaintiffs allege common law claims of fraud, negligence, intentional infliction of emotional distress, and product liability (failure to warn).

Plaintiffs' claims of fraud and intentional infliction of emotional distress survived the Motion to Dismiss as they relate to statements about the Croatian trial and ONCObind's efficacy. Plaintiff's claim for product liability (failure to warn) survived to the extent that the claim is based on failure to warn of the risks of clogging and tumor lysis syndrome. In their Second Amended Complaint (Dkt. 140), Plaintiffs have re-alleged claims of negligence and wrongful death and amended their claims of fraud, intentional infliction of emotional distress, and product liability (failure to warn).

#### B.      Defendant's Statement

Defendant has not yet answered the Second Amended Complaint, but their defenses at this time include that Plaintiffs have not stated any claims upon which relief can be granted as

3556030.2

- 4 -

described in its respective pending motion to dismiss. Defendant denies Plaintiffs' allegations and denies that it has engaged in any misconduct. Defendant also denies any and all liability to Plaintiffs. Defendant anticipates raising additional defenses and affirmative defenses in an Answer as to any surviving claims, once the pleading have closed.

## V.   Motions

### A.   Pending Motions

Plaintiffs filed a First Amended Complaint on June 8, 2025. Following the Court's ruling on the First Amended Complaint on May 28, 2026, Plaintiffs filed a Second Amended Complaint. Defendant filed a motion to partially dismiss the Second Amended Complaint on July 30, 2026. Dkt. No. 142.

### A.   Previously Resolved Motions

On April 22, 2025, Defendant ExThera Medical Corporation filed an Administrative Motion to File Under Seal Exhibit A to Certification of Conflicts and Interested Entities or Persons. Dkt. No. 42. On April 30, 2025, the Court granted the motion. Dkt. No. 47.

On October 7, 2025, Plaintiffs Ron Peri and Ingrid Peri filed an unopposed Motion to Substitute Party Ingrid Peri for the Estate of Ingrid Peri. Dkt. No. 116. On October 15, 2025, the Court granted the motion. Dkt. No. 118.

On September 11, 2025, Defendants all filed Motions to Dismiss the First Amended Complaint.  Dkt. Nos. 87, 89, 90, 91.  On May 26, 2026, the Court granted in part and denied in part Defendant ExThera's motion to dismiss, and granted the motions of the other defendants to dismiss for lack of personal jurisdiction.  Dkt. No. 127.

### A.   Anticipated Motions

If necessary, Plaintiffs anticipate filing summary judgment motion(s), motions in limine, and motions related to discovery. If necessary, Defendant anticipates filing summary judgment motion(s), motions *in limine*, and motions related to discovery, including *Daubert* challenges.

## VI.   Amendment of Pleadings

Plaintiffs do not seek to further amend their Complaint in this action at this time but reserve rights to seek leave to amend the pleadings further and to amend if granted leave to

amend.

Defendant opposes amendment of Plaintiffs' Second Amended Complaint (Dkt. No. 140) and reserves its rights with respect to its Answer and any counterclaims.

## VII.  Discovery

### A.  Rule 26(a) Initial Disclosures and Discovery Timing

The parties exchanged initial disclosures on Friday, July 24, 2026 pursuant to the parties' agreement that no further Rule 26(f) conference was required and discovery could proceed on the claims that survived ExThera's motions to dismiss the First Amended Complaint.

### B.  Subjects On Which Discovery May Be Taken

Plaintiffs anticipate seeking discovery, at a minimum, the following topics: the communications regarding the ONCObind procedure (and the filter used, the Seraph 100 filter) between Defendant ExThera officers, board directors, employees and agents, between ExThera and its distributors (including Quadrant Management and Quadrant Clinical Care), and between ExThera and the Plaintiffs prior to, during, and subsequent to Plaintiffs receiving the filter procedure in Antigua; the diligence, or lack thereof, that Defendant performed regarding the efficacy of the filter procedure; other tests of the filter procedure in Croatia, Greece, and the United States and their results; the agreement between ExThera and its distributors; communications with non-employee physicians, researchers, professors and/or labs regarding the filter procedure; and documentation of the filter's efficacy, safety, or lack thereof.  Plaintiffs reserve the right to propound discovery on additional topics during the course of the case and as additional information becomes available.

At this time, Defendant anticipates the need to take discovery on at least the following topics: Plaintiffs' medical records and history; Plaintiffs' communications with Defendant; Plaintiffs' communications with Quadrant Management, Quadrant Clinical Care, Alan Quasha, Dr. Devon Quasha, Joey Johns and John Preston; Plaintiffs' communications among themselves; Plaintiffs' communications with third-parties regarding the filter procedure, such as other physicians and other patients who received the filter procedure; Plaintiffs' research and diligence regarding the filter procedure; Plaintiffs' knowledge and reliance on information and

communications regarding the filter procedure; Plaintiffs' posts and communications on Facebook, Instagram, and other social media platforms; documents and communications related to studies and clinical trials related to the filter procedure; documents and communications relating to any non-economic or economic damages allegedly suffered by Plaintiffs, as well as information regarding causation. The foregoing subjects are not exclusive. Defendant reserves the right to propound discovery on additional topics during the course of the case and as additional information becomes discovered.

### 1) **When Discovery Should Be Completed**

Plaintiffs take the position that discovery should be straightforward and that fact discovery on the surviving claims could be completed by May 28, 2027. Plaintiffs anticipate that if further claims included in the Second Amended Complaint survive, some additional discovery may be required but can likely be accomplished without significant further delay.

Defendant believes that fact discovery can be completed by May 28, 2027, assuming the pleadings are settled in a timely fashion.

### 2) **Whether Discovery Should Be Phased**

The parties have stipulated to begin discovery on issues pertaining to claims that survived Defendant's Motion to Dismiss the First Amended Complaint, and plan to expand the scope of discovery if necessary regarding issues and claims in the Second Amended Complaint to the extent that such claims survive Defendant's Motion to Partially Dismiss the Second Amended Complaint.

### C. **Evidence Preservation and Discovery of Electronically Stored Information**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. At this time, no Party is aware of any problems with the disclosure, discovery, or preservation of relevant ESI. Plaintiffs provided Defendant ExThera with a draft ESI protocol, and the Parties will work together to finalize and submit it to the Court, and will use best efforts to do so within 21 days after the hearing.

### D.     Privilege Issues

The Parties anticipate presenting the Court with a proposed Protective Order, as well as a proposed Federal Rule of Evidence 502(d) Order.  Plaintiffs provided drafts of both proposed orders to Defendant ExThera, and the Parties will work together to finalize and submit them to the Court, and will use best efforts to do so within 14 days after the hearing.

### E.     Discovery Limitations

The Parties do not propose limitations beyond those contained in the Federal Rules or this Court's local rules.

## VIII.   Related Cases

Plaintiffs advise of two related criminal proceedings. First, Plaintiffs advise that they understand that Defendant ExThera entered into a deferred prosecution agreement with the Department of Justice regarding Defendant ExThera's failure to report adverse effects of the ONCObind procedure. Plaintiffs further advise that they believe that two of the adverse events described in the Deferred Prosecution Agreement's Information include the death of two Plaintiffs in this action. *United States v. ExThera Medical Corporation*, 1:26-CR-10056 (D. Mass. Mar. 5, 2026). Second, Plaintiffs advise that they understand that these same events are described in the ongoing prosecution (and anticipated plea deal) for ExThera's former Chief Regulatory Officer, Sanja Ilic. *United States v. Ilic*, 1:26-CR-10055 (D. Mass. Mar. 6, 2026). Defendant advises that none of these cases are "related cases" as that term is defined in the local rules and used in the Case Management Order (Dkt. No. 25), and that the outcome of the present case is not dependent on any of these cases.

Plaintiffs have filed a civil suit against the individuals and entities dismissed from this lawsuit for lack of personal jurisdiction (Quadrant Management LLC, Quadrant Clinical Care LLC, Alan Quasha, Devon Quasha, and John Preston) in the United States District Court for the District of Delaware. *Hudlow v. Quadrant Management LLC,* 1:26-cv-00826-CFC (D. Del., July 9, 2026).

## IX.   Relief

Plaintiffs seek past and future noneconomic damages; past and future economic damages;

punitive or exemplary damages; attorney's fees, costs, and expenses; pre- and post-judgment interest; and injunctive relief prohibiting Defendant from continuing to market ONCObind in the United States without regulatory approval, as well as any other relief the Court deems appropriate. Defendant denies that Plaintiffs are entitled to any relief.

## X. Settlement and ADR

As described in the respective ADR certifications, the Parties have reviewed the Court's Alternative Dispute Resolution Handbook, conferred pursuant to ADR L.R. 3-5 and prefer to discuss ADR at the Initial Case Management Conference.

## XI. Consent to Magistrate Judge For All Purposes

On March 26, 2025, Plaintiffs consented to proceed before a magistrate judge in this matter. Dkt. No. 12. On April 4, 2025, Defendant ExThera declined to consent to proceed before a magistrate judge in this matter. Dkt. No. 18.  As a result, the case was re-assigned by the clerk. Dkt. No. 19.

## XII. Narrowing of Issues

### A. Plaintiff's Statement

Defendant ExThera filed a Motion to Partially Dismiss the Second Amended Complaint, and Plaintiffs will oppose such motion.  Plaintiffs respectfully submit that the reasonable and limited discovery they will serve will provide a means to an efficient resolution of this action and assist in the narrowing of issues.

### B. Defendants' Statement

Defendant has filed a Motion to Partially Dismiss the Second Amended Complaint, which, if granted, will significantly narrow the issues in this matter.

## XIII. Expedited Trial Procedure

At this time, the Parties agree this case should not be handled under an expedited trial procedure.

## XIV.   <u>Case Plan and Schedule</u>

The Parties propose the following dates:

| <u>Event</u> | <u>Date</u> |
|---|---|
| Deadline for the parties to exchange Initial Disclosures | Parties exchanged July 24, 2026. |
| Deadline to complete fact discovery | May 28, 2027 |
| Deadline for Plaintiffs to submit expert reports | June 18, 2027 |
| Deadline for Defendant to submit responsive expert reports | July 16, 2027 |
| Deadline for Plaintiff to submit rebuttal expert reports | Plaintiff proposes July 24, Defendant does not propose including this deadline. |
| Deadline to complete expert discovery | August 6, 2027 |
| Deadline for summary judgment motions | September 3, 2027 |
| Deadline for responses to summary judgment motions | October 1, 2027 |
| Deadline for replies to summary judgment motions | October 29, 2027 |
| Hearing on Summary Judgment motions | To be set by Court |
| Final Pretrial Conference | January 5, 2027 |

JOINT RULE 26(F) REPORT AND INITIAL CASE MANAGEMENT STATEMENT
CASE NO. 3:25-CV-02492-MMC

| Trial | February 2028 |
|-------|---------------|

## XV.   Trial

The Complaint contains a jury demand. The Parties propose a February 2028 trial. Plaintiffs estimate that the trial would take approximately 100 hours. Defendant believes it is premature to discuss the expected length of trial at this time.

## XVI.   Disclosure of Non-Party Interested Persons or Entities

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.  Plaintiffs are not aware of any non-party interested persons or entities. Defendant filed under seal a list of persons or entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.  Dkt. Nos. 42, 42-4, 43, 47, 48

## XVII.  Professional Conduct

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.


Dated: August 7, 2026

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

By:____/s/ *Courtney J. Liss*_____

*Attorneys for Plaintiffs*

Dated: August 7, 2026

**LARSON LLP**

By:____/s/ *Greg Herrman*_____

*Attorneys for Defendant ExThera Medical Corporation*